IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPHERE USA, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>THE GILLETTE COMPANY, LLC,<br><br>   Defendant. | C.A. No. _____<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Sphere USA, LLC ("Sphere USA" or "Plaintiff") alleges as follows against Defendant The Gillette Company, LLC ("Gillette" or "Defendant").

**I. NATURE OF THE ACTION**

1. This is a patent infringement action arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, for Defendant's infringement of Plaintiff's United States Patent No. 11,235,486 (the "'486 Patent"), a copy of which is attached hereto as Exhibit A and United States Patent No. 9,889,572 (the "'572" Patent"), a copy of which is attached hereto as Exhibit B.

**II. PARTIES**

2. Plaintiff Sphere USA, LLC is a limited liability company organized and existing under the laws of the State of Delaware. Plaintiff has its principal place of business at 7 Huckleberry Lane, East Setauket, NY 11733.

3. Sphere USA is the owner of the entire right, title, and interest of the '486 Patent and '572 Patent.

4. On information and belief, Defendant Gillette is a limited liability company organized and existing under the laws of the State of Delaware. On information and belief,

1

Gillette's principal place of business is located at 1 Gillette Park, South Boston, MA 02127. On information and belief, Gillette may be served via its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

### III. JURISDICTION AND VENUE

5. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1400.

6. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Delaware Long-Arm Statute, due at least to its business and existence in this forum, including at least a portion of the infringement alleged herein. Furthermore, Defendant is subject to this Court's specific and general personal jurisdiction because Defendant is a Delaware limited liability company.

7. Venue is proper in this District under 28 U.S.C. § 1400(b) because, on information and belief, Defendant is a Delaware limited liability company and thus resides in the state of Delaware.

### IV. FACTUAL BACKGROUND

**A.  Sphere USA and Its Innovative Patents.**

8. Thomas J. Bucco is the President of Sphere. In 2010, Mr. Bucco was suffered an arm injury that, among other things, made the process of shaving with a traditional razor more challenging.

9. Determined to overcome his injury, Mr. Bucco designed a new type of razor which utilized a spherical component held between two arms of a clevis. Mr. Bucco's innovative design allowed better rotation of the blade cartridge, making it easier to reach the contours of his face.

10. As Mr. Bucco's idea represented a significant improvement to traditional razors, he quickly sought patent protection for his idea. On February 18, 2011, Mr. Bucco filed U.S. Patent Application No. 13/030,752 (the "'752 Application") which issued as U.S. Patent Number 8,720,072 (the "'072 Patent") on May 13, 2014.

11. On May 1, 2014, Mr. Bucco filed U.S. Patent Application No. 14/266,913 (the "'913 Application") which issued as the '572 Patent on February 13, 2018. The '572 Patent is a continuation of and claims priority to the '752 Application.

12. On December 20, 2017, Mr. Bucco filed U.S. Patent Application No. 15/849,118 which issued as the '486 Patent on February 1, 2022. The '486 Patent is a continuation of the '913 Application and claims priority to the '752 Application. Collectively, the '072, '572, and '486 Patents are referred to as the "Bucco Patents." Each of the Bucco Patents was assigned to Sphere USA.

B. **Defendant Recognizes the Value of Sphere USA's Technology and Release Infringing Products.**

13. In 2010, after conceiving of the invention claimed in the Bucco Patents, Mr. Bucco contacted Defendant to investigate the possibility of collaborating to bring his innovative razor idea to market. From 2010 to 2014, Mr. Bucco corresponded with representatives of Defendant's parent company (Procter & Gamble) about his invention and the pending '752 Application.

14. In his correspondence, Mr. Bucco explained that his inventions allow a removable cartridge to move vertically and horizontally, while working with interchangeable blade cartridges with multiple blade options.

15. Upon the issuance of the '072 Patent, at Procter & Gamble's request, Mr. Bucco notified Procter & Gamble of the issuance and provided a sample protype of one embodiment of

the invention claimed in the Bucco Patents. Defendant Gillette responded that it was not interested in pursuing the invention further.

16. In early 2014, Gillette introduced the FlexBall line of products, which utilize the exact technology shown to Gillette by Mr. Bucco and protected by the Bucco Patents.

17. Gillette has described the FlexBall technology as "the next evolution in our shaving revolution" and noted the benefit of the FlexBall is its ability to "pivot[]" and thus "maximize contact with every contour of a man's face." Defendant further touted those same features as key to the success of the product noting "Gillette is once again changing the face of shaving with Gillette Fusion ProGlide with FlexBall Technology, which allows each cartridge to make maximum contact over contours and get virtually every hair—addressing a top shaving need mentioned by 8 out of 10 men."

18. Defendant has launched a line of products using the FlexBall technology, including the Gillette ProGlide Razor and the Gillette ProGlide Shield Razor (collectively the "Accused Products").

19. On November 10, 2020, Sphere wrote a letter to Defendant requesting additional licensing discussions and providing a claim chart showing how the Accused Products infringe the '572 Patent. Gillette declined to license the Bucco Patents.

**C.      The Accused Products infringe the '486 and '572 Patents.**

20. The Accused Products are personal grooming devices—namely handheld razors:

 

21. The Accused Products contain a handle which includes a portion for gripping the device and a second portion for attaching a removable and replacable cartridge with cutting blades. The attachment portion contains a pivoting mechanism which is partially spherical.

22. The pivoting mechanism of the Accused Products is held between the spaced apart ends of a clevis (or opposed legs), which allows the cartridge to rotate. In order to limit the the total amount of rotation, the Accused Products contain a protrusion which interacts with a relief portion of the clevis.

23. The ends of the clevis of the Accused Products contain holes through which the pivtoing mechanism is held and attached to the clevis (or opposed legs).

**D.      Defendant Unsuccessfully Challenges the Validity of the '486 Patent.**

24. On March 24, 2022, Gillette filed a petition for Post-Grant Review before the Patent Trial and Appeal Board (the "PTAB") titled *The Gillette Company LLC v. Sphere USA, LLC*,

PGR2022-00030, challenging the validity of all claims of the '486 Patent on numerous grounds, including that the '486 Patent was invalid as anticipated pursuant to 35 U.S.C. § 102, invalid as obvious pursuant to 35 U.S.C. § 103, and invalid as not enabled and lacking sufficient written description pursuant to 35 U.S.C. § 112.

25. On September 23, 2022, the PTAB instituted a trial on all grounds raised in the petition. On September 19, 2023, the PTAB issued a terminating decision, finding that the '486 Patent properly claimed priority to the '752 Application, which provided sufficient written description for and enabled the claims of the '486 Patent. Accordingly, the PTAB determined that the '486 Patent was not eligible for Post-Grant Review and dismissed the proceeding.

### V.   COUNT I: INFRINGEMENT OF THE '486 PATENT

26. Plaintiff incorporates the allegations of paragraphs 1–25 as if fully stated herein.

27. Sphere USA owns all right, title, and interest in the '486 Patent.

28. The '486 Patent is in effect and presumed to be valid under the U.S. Patent Laws.

29. Sphere USA has never commercialized a product covered by the '486 Patent and thus is not limited by the damages limitation of 35 U.S.C. § 287(a).

30. Claim 1 of the '486 Patent claims:

> A personal grooming apparatus, comprising:
>
> a handle having a gripping portion and an attachment portion, the attachment portion including a pivot member having an at least partially spheroid portion; and
>
> a cartridge supporting at least one cutting blade;
>
> wherein rotation of the cartridge is enabled by retention of the pivot member between spaced-apart ends of two opposed legs, the pivot member of the attachment portion pivotably held between the spaced-apart ends of the two opposed legs; and
>
> a stop extending outward from the at least partially spheroid portion of the pivot member and configured to limit rotation of the cartridge when the cartridge is mounted on the attachment portion;

wherein the stop is configured to limit rotation of the cartridge by interacting with a relief portion of at least one of the two opposed legs.

31. Claim 10 of the '486 Patent claims:

A razor handle, comprising:

an elongate body having a gripping portion;

a pivot member at one end of the body, the pivot member capable of removably attaching a cartridge supporting at least one cutting blade;

wherein the pivot member includes an at least partially spheroid portion configured to be held between spaced-apart ends of two opposed legs; and

a stop protruding from a surface of the at least partially spheroid portion of the pivot member and configured to limit rotation of the pivot member;

wherein the stop is configured to limit rotation of the pivot member by interacting with a relief portion of at least one of the two opposed legs.

32. Claim 16 of the '486 Patent claims:

A razor, comprising:

a cartridge supporting at least one cutting blade;

a handle having an elongate gripping portion and an attachment portion at one end of the handle, the attachment portion supporting a pivot member providing a removable attachment to the cartridge;

wherein the pivot member includes an at least partially spheroid portion that is configured to be held between spaced-apart ends of two opposed legs; and

a stop protruding from a surface of the at least partially spheroid portion of the pivot member and configured to limit rotation of the cartridge when the cartridge is mounted on the attachment portion;

wherein the stop is configured to limit rotation of the cartridge by interacting with a relief portion of at least one of the two opposed legs.

33. The Accused Products utilize the technology protected by Sphere USA's patent for a rotating razor, including in the ways discussed in paragraphs 20–23.

34. Defendants have been and still are directly infringing at least claims 1, 10 and 16 of the '486 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a) by selling or offering for sale the Accused Products.

35. After learning of the '486 Patent, Defendant continued selling and offering for sale their infringing products while refusing to acknowledge their infringement of the '486 Patent.

36. On information and belief, Defendants have knowingly and willfully infringed the '486 Patent.

37. Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is thus liable to Plaintiff for damages in an amount that adequately compensates Plaintiff for such Defendant's infringement of the '486 Patent, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with pre- and post-judgment interest and costs as fixed by this Court under 35 U.S.C. § 284.

### VI.   COUNT II: INFRINGEMENT OF THE '572 PATENT

38. Plaintiff incorporates the allegations of paragraphs 1–25 as if fully stated herein.

39. Sphere USA owns all right, title, and interest in the '572 Patent.

40. The '572 Patent is in effect and presumed to be valid under the U.S. Patent Laws.

41. Sphere USA has never commercialized a product covered by the '572 Patent and thus is not limited by the damages limitation provision of 35 U.S.C. § 287(a).

42. Claim 1 of the '572 Patent claims:

> A personal grooming apparatus, comprising:
>
> a handle having a gripping portion and an attachment portion, the attachment portion including a pivot member having an at least partially spherical surface; and
>
> a cartridge removably attached to the attachment portion and supporting at least one cutting blade;

> wherein rotation of the at least one cutting blade is enabled by a clevis comprising two opposed legs having spaced-apart ends, the pivot member of the attachment portion pivotably held between the spaced-apart ends of the two opposed legs of the clevis; and
>
> a stop extending from and above the at least partially spherical surface of the pivot member and configured to limit rotation of the cartridge when the cartridge is mounted on the attachment portion;
>
> wherein the stop is configured to limit rotation of the cartridge by interacting with a relief portion of at least one of the two opposed legs of the clevis; and wherein the two opposed legs of the clevis have respective holes formed therein, and wherein the spherical pivot member is pivotably held between the holes formed in the two opposed legs of the clevis.

43. Claim 6 of the '572 Patent claims:

> A razor handle, comprising:

an elongate body having a gripping portion;

a pivot member at one end of the body, the pivot member providing a removable attachment to a cartridge supporting at least one cutting blade;

wherein the pivot member includes an at least partially spherical surface configured to be held between spaced-apart ends of two opposed legs of a clevis; and

a stop protruding from the at least partially spherical surface of the pivot member and configured to limit rotation of the pivot member;

wherein the stop is configured to limit rotation of the pivot member by interacting with a relief portion of at least one of the two opposed legs of the clevis; and wherein the two opposed legs of the clevis have respective holes formed therein, and wherein the spherical pivot member is pivotably held between the holes formed in the two opposed legs of the clevis.

44. Claim 11 of the '486 Patent claims:

> A razor, comprising:

a cartridge supporting at least one cutting blade;

a handle having an elongate gripping portion and an attachment portion at one end of the handle, the attachment portion supporting a pivot member providing a removable attachment to the cartridge;

wherein the pivot member includes an at least partially spherical surface and is configured to be held between spaced-apart ends of two opposed legs of a clevis; and

> a stop protruding from the at least partially spherical surface of the pivot member and configured to limit rotation of the cartridge when the cartridge is mounted on the attachment portion;
>
> wherein the stop is configured to limit rotation of the cartridge by interacting with a relief portion of at least one of the two opposed legs of the clevis; and wherein the two opposed legs of the clevis have respective holes formed therein, and wherein the spherical pivot member is pivotably held between the holes formed in the two opposed legs of the clevis; and
>
> wherein the two opposed legs of the clevis have respective holes formed therein, and wherein the spherical pivot member is pivotably held between the holes formed in the two opposed legs of the clevis.

45. The Accused Products utilize the technology protected by Sphere USA's patent for a rotating razor, including in the ways discussed in paragraphs 20–23.

46. Defendants have been and still are directly infringing at least claims 1, 6, and 11 of the '572 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a) by selling or offering for sale the Accused Products.

47. After learning of the '572 Patent, Defendant continued selling and offering for sale their infringing products while refusing to acknowledge their infringement of the '572 Patent.

48. On information and belief, Defendants have knowingly and willfully infringed the '572 Patent.

49. Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is thus liable to Plaintiff for damages in an amount that adequately compensates Plaintiff for such Defendant's infringement of the '572 Patent, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with pre- and post-judgment interest and costs as fixed by this Court under 35 U.S.C. § 284.

## VII.   JURY TRIAL DEMAND

Sphere USA demands a trial by jury on all issues so triable.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sphere USA, Inc. respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

  A.  An adjudication that Defendants have directly infringed, either literally and/or under the doctrine of equivalents, one or more claims of the '486 and '572 Patents;

  B.  An adjudication that Defendants have willfully infringed one or more claims of the '486 and '572 Patents;

  C.  An award of damages to be paid by Defendants adequate to compensate Plaintiff for Defendants' past infringement of the '486 and '572 Patents, but in no event less than a reasonable royalty, together with pre- and post judgment interest and costs as fixed by the Court, pursuant to 35 U.S.C. § 284, including up to treble damages for Defendants' willful infringement;

  D.  That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

  E.  Any further relief that the Court deems just and proper.

Dated: October 3, 2023

OF COUNSEL:

Michael C. Wilson (*PHV forthcoming*)
William A. Munck (*PHV forthcoming*)
Chase A. Cobern (*PHV forthcoming*)
Elliott C. Riches (*PHV forthcoming*)
MUNCK WILSON MANDALA, LLP
600 Banner Place Tower
12770 Coit Road
Dallas, TX 75251
Tel: (972) 628-3600
mwilson@munckwilson.com
wamunck@munckwilson.com
ccobern@munckwilson.com
eriches@munckwilson.com

Respectufully submitted,

FARNAN LLP

*/s/ Michael J. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market St.
12th Floor
Wilmington, DE 19801
Tel: 302-777-0300
Fax: 320-777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Counsel for Plaintiff Sphere USA, LLC*